A. VICTOR & Co., Appellant, *v.* JOSEPH SLEININGER, Respondent.

Supreme Court, Erie County, May 23, 1938.

*Harrington & Harrington,* for the appellant.

*Benjamin Franklin,* for the respondent.

HINKLEY, J. This is an appeal from a judgment of the City Court of Buffalo dismissing the plaintiff's complaint for the reason that plaintiff, a corporation, cannot appear in person.

The question upon this appeal has been previously definitely determined by this court in an action brought by the same plaintiff against one Mr. Pete Lanting. The lower court in that case, as shown by the return on appeal filed in the Erie county clerk's office, on September 27, 1937, rendered judgment as follows: " July 31, 1933. Order granted dismissing summons and complaint on the ground that Corporation cannot practice law nor *appear in person* in an action before this court." There is no proof or claim in either case that the plaintiff practiced law so that the two returns in the lower court are identical.

Although the affidavit and order to show cause in the lower court in the previous action suggest other questions, the return alone is controlling. This appellate court in that case assigned, in its memorandum of reversal, other reasons in addition to the one that a corporation *can* appear in person in an action before the lower court. But the reversal must be read solely in the light of the return which indicates that the decision of the lower court was based upon the one ground that plaintiff corporation could not appear in an action before that court. The facts that in the previous case defendant appeared without objection and in the instant case the defendant made a special appearance do not affect either decision in the light of the identity of the two returns. There having been no appeal from the previous decision of this court, that decision is controlling upon the court in this case.

The lower court in its rendering of a decision in this case contrary to the established law wrote neither opinion nor memorandum and it is difficult to understand what prompted the lower court to render an erroneous decision contrary to a clearly expressed decision of an appellate superior court. The principle of *stare decisis et non quieta movere* is peculiarly applicable to any trial court. (*Driggs* v. *Rockwell,* 11 Wend. 504, at p. 506.)

Judgment of the lower court reversed and the case remanded to the City Court of Buffalo for trial.